## WILL CALLOWAY v. THE STATE.

No. 3304.    Decided May 16, 1906.

**Burglary—Possession of Property—Oral Proof—Corporation.**

Where in a prosecution for burglary the indictment alleged the ownership and possession of the burglarized house and property in R, and the proof showed that R was the manager of a corporation and had actual care, control and management of the house and property, although this was not proved by the introduction of the charter and minutes of the corporation but by oral testimony, there was no error; as ownership as well as possession could- be so proven, and it is immaterial whether such possession was legal or illegal.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. C. Paddelford* and *Odell, Phillips & Johnson,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment fixed at two years in the penitentiary. The indictment charges ownership and possession of the burglarized house and property stolen, in G. B. Randle. Upon the trial Randle was permitted to testify, over appellant's objection, that he had actual care, control and management of the house and propetry. The testimony in the record further shows that the hardware business he was running belonged to a corporation or stock company, and that the minutes, charter, etc., of the corporation showed something of Randle's employment as a manager. Thereupon appellant contended that this testimony was not admissible, since the minutes were the best evidence, and that the oral testimony of the prosecuting witness to the effect that he had the care, control and management was secondary evidence and not admissible. As we understand the law, it is immaterial whether Randle's possession was legal or illegal. The fact that he had exclusive care, control and management of the business could be proved by oral testimony, which was done in this case. However, the bill presenting this matter shows that the court offered to allow appellant to introduce the minutes of the corporation, if he desired, but he refused to do so. We have held that the ownership of property may be proved independent of any written instrument, and certainly with equal force the conclusion would be correct that the possession could be so proven. Dodd v. State, 10 Texas Crim. App., 376. This is the only question we deem necessary to review. The evidence is conclusive as to the guilt of appellant; and there is no error in the record. The judgment is affirmed.

*Affirmed.*