CARL MATHEWS V. THE STATE.

No. 18417.   Delivered November 4, 1936.
Rehearing Denied December 9, 1936.

The opinion states the case.

*R. H. Jones,* of Livingston, *H. S. Lilley,* of Conroe, and *Wm. McMurrey,* of Cold Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of cattle, punishment being two years in the penitentiary.

The animal in question was alleged to have belonged to Sidney Green, and to have been stolen from him. The proof shows that the animal in fact was the separate property of Green's wife. It was stolen from the range. The ownership and possession were properly alleged in the husband. Art. 402, C. C. P., and cases cited in Note 6, under said article in Vernon's Ann. Tex. C. C. P., Vol. 1, page 280.

An issue was sharply drawn by the evidence as to the identity of the animal in question. Witnesses for the State testified positively that they knew Green's steer and that it was the same steer seen by them in a pen where appellant had placed it for delivery to a party to whom he had sold it. The testimony of appellant and his witnesses is equally positive that the steer in question was the calf of a cow belonging to appellant, and that the steer belonged to and had been raised by appellant. The fact question thus raised was of necessity

for the jury under proper instructions. We have no authority or disposition to invade the province of the jury in such matters.

It is urged by appellant that Green had moved away from the community where the animal was running on the range and had placed it in charge of other parties who were the special owners in possession and that the averment of the indictment that Green was in possession was not sustained. All we find in the record supporting such contention is that when Green moved away he asked some of his neighbors to "look after" said animal and when he would see them he would make inquiry about how the animal was doing. None of the neighbors was put in control and management of the steer, and had no authority to dispose of it. The issue of special ownership of the animal by any of the neighbors to whom Green mentioned it is not raised by the evidence.

A number of witnesses for the State testified that they had seen the animal in question and knew it belonged to Green. Appellant brings forward bills of exception complaining of such evidence on the ground that appellant was not present at the place where the witnesses saw the animal. Counsel for appellant seems to confuse what here occurred with the general rule of evidence which does not permit one witness to testify that some other witness or party identified accused or property. No such thing appears here.

It appears from bill of exception number three that C. C. Alexander testified for the State that he had purchased certain cattle from appellant and paid for them by check, and that the check had not been cashed, and that he had wired the bank not to pay the check. The objection urged was to all of the testimony upon the ground that "it did not connect with the facts of this case." The bill is defective in not setting out enough of the facts to enable us to pass intelligently upon the matter. The reasons upon which the evidence was sought to be excluded appear in the bill as grounds of objection only. We note from the statement of facts that Alexander testified that the "law" forbade him to move the cattle after he bought them, and that "first one and then another came and got them." Appellant himself testified he never presented the check for payment.

Bill of exception number six brings forward complaint that while the witness Campbell was testifying for the State he said "that the last time he had seen the yearling was on the 14th day of November when he met defendant in the road with the yearling leading it home." The objection urged to this testimony was on the ground that the date testified to by the wit-

ness was subsequent to the time alleged in the indictment as the date of the theft, the indictment alleging that the theft occurred on October 29th. There is no merit in the objection. The animal in question, with other cattle, had been penned at the home of Mr. Peters where it was seen by a number of witnesses for the State who in their evidence identified it as belonging to Green. It was not taken in possession by Green and appellant himself testified that he went back and put a rope on the steer and took him back home. Mr. Campbell had testified that he was well acquainted with Green's steer and that the animal he saw appellant with on the date mentioned belonged to Sidney Green.

It appears from bill of exception number thirteen that while testifying as a witness in his own behalf it was developed on cross-examination by the State that he was under indictment for theft of cattle from Mrs. Lowe and also from Henry Bookman. Appellant objected to such testimony unless he might explain fully the charges in said indictments. What explanation he sought to make is not shown. The court admitted the testimony as affecting the credibility of the witness if in the judgment of the jury it did do so, and told the jury it was admitted for such limited purpose. There are no recitals in the bill advising this court of any facts which would render the action of the court erroneous. The rule has long been settled that a witness might be impeached by showing that he had been indicted (if the indictments were not too remote) for offenses which were felonies.

We find other bills of exception in the record to which we have not referred specifically, but all have been examined and none is believed to present error.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing the appellant insists that reversible error is presented in his Bill of Exception No. 13. From the bill the following quotation is taken:

"While defendant Carl Mathews was testifying on cross-examination by the State, he was asked if he were not indicted for theft of cattle from Mrs. Lowe on the same day and from Henry Bookman about the same time. Defendant objected to such testimony unless he might explain fully these charges. The District Attorney stated that it was offered for the pur-

pose of affecting the credibility of the witness, if it did. The Court overruled defendant's objection and denied him a right to offer any evidence as to other charges."

Apparently the appellant would have been within his rights had he set out in the bill of exception the testimony which he desired to introduce and which he was denied the privilege of introduction by reason of the court's ruling. As the case was tried and came to this court, there was no bill of exception or statement in the record which would, as he puts it, "explain fully these charges" against him. In the motion for rehearing appellant sets out numerous items of evidence which he claims were available to him and which he desired to introduce. Had the appellant, in excepting to the court's ruling, set forth in substance the evidence which he desired to introduce, the motion for rehearing might have been helpful to the court in deciding the case upon the original hearing. Because of the manner in which it was presented, however, without asserting the evidence which he desired to introduce, and having failed, so far as we are advised by the original opinion, to introduce such evidence and complain of its exclusion in a proper bill of exception, this court has no choice other than to overrule the motion for rehearing. It is so ordered.

*Overruled.*