Searcy Ray SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 053–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1982.

---

Jimmy Phillips, Jr., Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

DALLY, Judge.

The appellant was convicted of the offense of burglary of a coin-operated machine. V.T.C.A. Penal Code, Section 30.03. The punishment is incarceration in the Harris County Jail for 365 days and a fine of $2,000.

On appeal, a panel of the 14th Court of Appeals reversed the judgment, finding that the appellant had been twice in jeopardy and ordered the trial court to enter a judgment of acquittal. 630 S.W.2d 289.

The State's Petition for Review was granted for us to determine whether the procedure followed was correct. However, we now find, as will be explained, that the Court of Appeals disregarded or incorrectly applied rules of evidence in determining the appellant had twice been placed in jeopardy.

The appellant was convicted of breaking and entering a coin-operated machine (a parking meter) with the intent to obtain money. The appellant gave notice of appeal and pursuant to the Code of Criminal Procedure in effect at the time filed his appellate brief in the trial court. Article 40.09, V.A.C.C.P. He alleged several grounds of error. The trial judge considered the briefs and granted the appellant a new trial. The trial judge did not specify the reason for which he granted a new trial. The case was again set for trial and the appellant urged that he was being placed twice in jeopardy because there had been insufficient evidence presented to convict him in the first trial. This contention was overruled and a jury again found the appellant guilty of the offense. In his appeal to the 14th Court of Appeals, he urged several grounds of error.

The Court of Appeals considered only the appellant's ground of error in which he asserted that he had been twice placed in jeopardy. The Court of Appeals reviewed the record of the first trial and concluded that the State had failed to prove its case because the evidence was insufficient to prove the city owned the parking meters as had been alleged. Consequently, under the authority of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the court ordered reversal and acquittal.

We quote from the opinion of the Court of Appeals:

"The appellant contends that the evidence in the first trial was insufficient to show that the City of Houston owned the coin-operated machine in the information. We agree. The only evidence concerning ownership was presented by E. T. Daniel. Daniel stated that he was in charge of collecting money from the parking meters and that the money was deposited in the General Fund of the City of Houston. He stated that the meters were under his control but that he had nothing to do with purchasing them and did not have access to the purchase and ownership records. Mr. Daniel stated that the Treasury Department had information concerning their ownership. On the second trial a representative of the Treasury Department testified and E. T. Daniel did not.

"The state has the burden of proving the allegation of ownership as set out in the information. *Araiza v. State,* 555 S.W.2d 746 (Tex.Cr.App.1977). An allegation that ownership is in either the actual owner or in a special owner is sufficient. Tex.Code Crim.Pro.Ann. art. 21.08 (Vernon Supp. 1980–1981); *Roberts v. State,* 513 S.W.2d 870 (Tex.Cr.App. 1974). The information alleged the owner to be the City of Houston. The state's burden is to prove the facts alleged. The state presented evidence that, at best, proves E. T. Daniel to be a special owner but the indictment contained no such allegation. The evidence here fails to prove the fact which was alleged. *Araiza, supra; Roberts, supra;* See *Commons v. State,* 575 S.W.2d 518 (Tex.Cr.App.1979).

"The evidence in the first trial was, therefore, insufficient. The prosecution should not be afforded another opportunity to present evidence that it failed to present at the first proceeding. It was, therefore, error for the trial court to overrule the appellant's plea of double jeopardy."

■■■ The real issues not addressed by the Court of Appeals are whether owner-ship of the parking meters may be proved by oral testimony and whether there was oral testimony to prove ownership. Ownership of personal property may be proved by oral testimony. 5 Branch's 2d Ed. 74, Sec. 2627; *Calloway v. State,* 50 Tex.Cr.R. 72, 94 S.W. 902 (1906); *Cox v. State,* 100 Tex.Cr.R. 172, 272 S.W. 490 (1925); *Heaton v. State,* 129 Tex.Cr.R. 365, 87 S.W.2d 256 (1935); *Strickland Transportation Company v. Ingram,* 403 S.W.2d 192 (Tex.Civ.App.—Texarkana 1966); *Marrett v. Herrington,* 145 S.W. 254 (Tex.Civ.App.—El Paso 1912); cf. *Price v. State,* 362 S.W.2d 654 (Tex.Cr.App. 1962); *Corley v. State,* 160 Tex.Cr.R. 504, 272 S.W.2d 354 (1954). A witness, other than the owner, who knows that property belonged to a complainant may so testify. *Mathews v. State,* 131 Tex.Cr.R. 389, 98 S.W.2d 819 (1936).

■■■ Daniel testified that he was the Chief Collector in the Parking Meter Division of the Treasury Department of the City of Houston. Several meter collectors worked under his supervision in servicing 3,900 parking meters. As chief parking meter collector he supervised the collection from the parking meters, and he supervised the counting, recording, and depositing of the money in the general fund of the City of Houston.

Daniel was asked whether certain numbers identified and showed the location of parking meters owned by the City of Houston. The appellant objected because the statement as to ownership would be hearsay. The trial judge correctly overruled the objection. Daniel testified to the location of several parking meters. The appellant further objected to this testimony because it was based on hearsay and that the purchase order itself or the records of the Treasury Department would be the best evidence of ownership of the parking meters. The court correctly overruled this objection. Thereafter, the witness was asked whether keys in his possession would open the parking meters owned by the City of Houston. He said that they were the proper keys to open the parking meters and that he was referring to the parking meters

about which he had previously been asked. Daniel knew and had firsthand knowledge that the parking meters were the property of the City of Houston and he could so testify.

 When the correct rule of evidence is applied that the ownership of the parking meters may be shown by oral testimony, there is ample evidence to show that the City of Houston owned the parking meters and that the evidence in the first trial was sufficient to support the jury's verdict. The cause is remanded to the Court of Appeals for further consideration of other grounds of error and disposition not inconsistent with this decision.