IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-412-CR




JIMMY AREBALO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0921749, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of unauthorized use of a motor vehicle. Tex. Penal
Code Ann. § 31.07 (West 1989). The district court assessed punishment at imprisonment for ten
years. By a single point of error, appellant argues that the evidence is legally insufficient to
support the conviction.

 On March 12, 1992, a gray 1985 Buick Regal, license plate number 388 GWK, was
stolen from a parking garage in downtown Austin. Appellant was identified by the parking garage
attendant as the man she saw drive away from the garage in the stolen car. Suzanne Ball testified
that she owned the stolen Buick Regal and did not give appellant permission to drive it. That
same day, the security guard at a South Austin department store approached appellant, who the
guard believed was trying to steal several cartons of cigarettes. As the guard watched, appellant
left the store and drove away in a gray Buick Regal, license number 388 GWK.

 The next day, appellant returned to the department store and, this time, was
detained after being caught shoplifting. Following his arrest, the gray Buick Regal was found in
the store parking lot. The steering column had been broken to facilitate starting the car without
a key.

 Appellant contends the evidence is insufficient because he was not shown to have
operated the stolen car on March 13, 1992, the day of his arrest. This is irrelevant, however,
because the indictment alleged and the jury found that he operated the vehicle on or about March
12, 1992. Two witnesses testified that they saw appellant driving the car on that date.

 Appellant further urges that the State failed to prove that Suzanne Ball owned the
vehicle as alleged in the indictment. Although Ball testified that she owned the car, appellant
argues that this was not sufficient. He contends the State was obligated to prove that Ball had title
to the car, presumably by producing the document. The opinions cited by appellant do not
support this contention. Abran v. State, 788 S.W.2d 375 (Tex. App.--Houston 1st Dist.] 1989,
no pet.); Hooper v. State, 788 S.W.2d 24, (Tex. App.--Houston [1st Dist.] 1988, no pet.). The
owner of property is the person who has title, possession, or greater right to possession than the
actor. Tex. Penal Code Ann. § 1.07(24)(a) (West Supp. 1993). Ownership of personal property
may be proved by oral testimony. Smith v. State, 638 S.W.2d 476, 478 (Tex. Crim. App. 1982). 
The evidence in this cause is sufficient to prove Ball's ownership of the stolen car.

 We hold that from the evidence in this cause, a rational trier of fact could find each
element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: June 9, 1993

[Do Not Publish]