Conald Ray KOONTZ a/k/a Conald Ray Kooentz, Appellant,

v.

The STATE of Texas, State.

No. 2–92–394–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 29, 1993.

Hill, Beatty, Butcher & Gallagher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Jane Ritter, Asst., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and WEAVER, JJ.

## OPINION

HILL, Chief Justice.

Conald Ray Koontz, also known as Conald Ray Kooentz, appeals his conviction by a jury of the offense of aggravated robbery with a deadly weapon. The jury assessed his punishment at thirty-two years in the Texas Department of Criminal Justice, Institutional Division. Koontz presents four points of error in which he urges that the evidence is insufficient to support his conviction and that the trial court erred in allowing the State to introduce evidence of an irrelevant extraneous offense for which he was not criminally responsible.

We affirm because the evidence is sufficient to support Koontz's conviction and because evidence of a second robbery was relevant and admissible on the issue of Koontz's intent.

■ Koontz asserts in points of error numbers one and two that the evidence is insufficient to support his conviction because there is no evidence of any action on his part that would make him criminally responsible for the offense, and there is no evidence that he had any intention that the crime be committed.

The victim in this case was assaulted in his home at night by a large group of men. Everyone he saw wore ski masks and dark clothing. Koontz admitted in a written statement that he had first entered the victim's garage, then entered the victim's home while the robbery was still in progress. He did not admit to personally assaulting the victim or personally taking any of his property.

Evidence showed that on another occasion Koontz was present with others involved in the robbery in this case when they entered another's house. He indicated that they committed a similar offense, again without acknowledging any participation on his part, aside from merely being there.

Koontz contends that the evidence is insufficient due to the lack of evidence that he committed the elements of the offense of aggravated robbery with a deadly weapon, or that he solicited, encouraged, directed, aided, or attempted to aid others to commit the offense, as required by section 7.02 of the Texas Penal Code in order to be convicted as a party to an offense. *See* TEX.PENAL CODE ANN. § 7.02 (Vernon 1974).

■ We must view the evidence in the light most favorable to the jury's verdict, and, after so viewing the evidence, determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

There is no question that the evidence shows the commission of the offense of aggravated robbery with a deadly weapon on the occasion in question. The real issue is whether the evidence as we have described it is sufficient to show that Koontz solicited, encouraged, directed, aided, or attempted to aid others to commit the offense. We hold that it is because Koontz's presence with his companions at the time of the aggravated robbery aided or attempted to aid them in the commission of the offense by causing the victim and the victim's son to be overwhelmed by the sheer number of those involved, and because the jury was free to infer Koontz's intent in being present at the robbery by virtue of his having been present at a similar robbery involving a different victim. We overrule points of error numbers one and two.

Koontz urges in points of error numbers three and four that the trial court erred by wrongfully allowing the State to introduce evidence of the other robbery because it was evidence of an irrelevant extraneous offense and because it was evidence of an extraneous offense for which Koontz was not criminally responsible.

If one accepts Koontz's version of the facts, he has been having the bad luck of being present with his friends while they rob their victims in their homes without any involvement on his part. A rational jury could determine from the fact that this has occurred upon more than one occasion that Koontz's presence at these robberies was indicative of his intent to participate and his participation in those robberies.

We therefore hold that evidence of the second robbery, a robbery similar to this one, and of Koontz's presence on that occasion as well, was relevant and admissible on the issue of Koontz's intent as related to the robbery for which he was on trial. *See* TEX. R.CRIM.EVID. 404(b). We overrule points of error numbers three and four.

The judgment is affirmed.