Empy v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-121-CR

Â Â Â Â Â LATONIA DENISE EMPY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the Criminal District Court No. 4
Dallas County, Texas
Trial Court # F92-35814-K
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is an appeal by Appellant Empy from her conviction for class A misdemeanor theft, for
which she was assessed one year in the county jail, probated. 
Â Â Â Â Â Â In 1989, Laura Proctor, complainant, became acquainted with Appellant as a result of a
mutual interest in stolen children. In October 1989, Proctor and Appellant were in an accident
in Proctor's vehicle and Appellant was injured. After the accident, Appellant moved into
Proctor's condominium, paid her some rent, and looked after Proctor's child. Appellant was
about twenty-six years of age, had several aliases, and had been arrested for giving bad checks.
Â Â Â Â Â Â After a year of associating with Appellant, Proctor believed that Appellant had a multiple-personality disorder, and decided to move out of the condo she shared with Appellant. On
October 14, 1991, she moved some of her property from the condo. At that point nothing was
missing but when Proctor returned the next day with movers for additional things, she noticed the
following items were missing: (1) three sofa cushions, (2) an oil painting, (3) a lamp, (4) two
Lladro figurines, (5) four china figurines, (6) a music box, (7) a tea service, (8) two brass pigs,
(9) a brass butterfly, and (10) a wood marlin.
Â Â Â Â Â Â Only Proctor and Appellant had keys to the condo. There was no damage or evidence of a
forced entry. Proctor testified she locked the door to the condo when she left. After Proctor
discovered the items were missing, Appellant changed the locks. Proctor reported the matter to
the police who investigated. Appellant was indicted for the felony theft over $750, but less than
$20,000. Appellant pled not guilty, waived a jury and, after trial, the court found her guilty of
the lesser-included offense of misdemeanor theft, and assessed her punishment at one year in jail,
probated. Appellant appeals on four points of error.
Â Â Â Â Â Â Point one: "The evidence is factually insufficient to support the trial court's rejection of
Appellant's defense of insanity in that it is against the great weight and preponderance of the
evidence."
Â Â Â Â Â Â Insanity is an affirmative defense and the accused has the burden of proof by a preponderance
of the evidence. Tex. Penal Code Ann. Â§ 8.01(a); Thompson v. State, 612 S.W.2d 925 (Tex.
Crim. App. 1981). The issue of sanity is a fact question, and the trier of fact may believe, or
disbelieve, experts or lay witnesses. Brooks v. State, 719 S.W.2d 259, 261 (Tex. App.âWaco
1986, pet. ref'd). While from a medical standpoint, one may be insane by reason of mental
disease or defect, from a legal aspect he is not excused from a crime committed while in that
condition, unless or until his mental condition has reached the point where he is unable to
distinguish right from wrong. Graham v. State, 566 S.W.2d 941, 948 (Tex. Crim. App. 1978);
Taylor v. State, 856 S.W.2d 459, 468 (Tex. App.âHouston [1st Dist.] 1993).
Â Â Â Â Â Â In our case, Dr. Pittman, a psychiatrist, testified he could not determine one way or the other
whether Appellant was, or was not, afflicted with multiple-personality disorder; but that Appellant
was not insane. Appellant testified that she was not insane. Proctor testified that Appellant
suffered from multiple-personality disorder.
Â Â Â Â Â Â The trial court found that Appellant was not insane. We hold that such finding is not against
the great weight and preponderance of the evidence.
Â Â Â Â Â Â Point one is overruled.
Â Â Â Â Â Â Â Point two: "The evidence is insufficient to show that Appellant is guilty of theft."
Where there is a claim of insufficient evidence to support a verdict in a criminal case, the
reviewing court must determine whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, S.Ct., U.S. 307, 319; Turner v. State, 805
S.W.2d 423, 427 (Tex. Crim. App. 1991). The reviewing court does not resolve any conflict of
facts, weigh the evidence, or evaluate the credibility of the witnesses. The trier of fact is the sole
judge of the credibility of the witnesses and the weight to be given their testimony. Bonham v.
State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984).
Â Â Â Â Â Â The evidence shows that on October 14, 1991, Proctor took some of her property out of the
condo. At that point nothing was missing. When Proctor returned the next day for additional
things, the items were missing as alleged in the indictment. Only Proctor and Appellant had keys
to the condo. Proctor said she locked the door every time she left the condo and there was no
evidence of forced entry. Ginger Shirley testified that, after the offense, Appellant told her that
a person named Ken had stolen the items, but that she could obtain them. Detective Wright, who
investigated the theft, testified that Appellant told him in a phone call that she had a pillow and
some other miscellaneous items which she wished to return to Proctor.
Â Â Â Â Â Â While the evidence is circumstantial, we think that a rational trier of fact could have found
beyond a reasonable doubt that Appellant took the property.
Â Â Â Â Â Â Point two is overruled.
Â Â Â Â Â Â Point three: "The evidence is insufficient to establish the ownership of the property in
question."
Â Â Â Â Â Â Appellant contends that, other than Proctor's testimony, there is no evidence that the stolen
property ever existed, much less that it was owned by Proctor, because there were no pictures,
serial numbers, or demonstrative proof which identified the stolen property. Appellant testified
that none of the property claimed to have been Proctor's property ever existed. Ownership of
personal property may be proved by oral testimony. Smith v. State, 638 S.W.2d 476, 478 (Tex.
Crim. App. 1982).
Â Â Â Â Â Â Proctor testified that: The property belonged to her; she bought the couch that contained the
cushions in 1987 or 1988, and had had the couch since then; she had gotten the wood marlin in
Mexico; she had owned the lamp since 1986 or 1987; she had received the Lladro figurines as
gifts and had them in her possession since 1980; and she had had the music box, tea service, brass
pigs and butterfly since 1980.
Â Â Â Â Â Â The evidence of Proctor's ownership and the identity of the items stolen is sufficient to
support the conviction. In reviewing the evidence and by applying the standard set forth in
Jackson, supra, i.e., viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found beyond a reasonable doubt that Proctor was the owner of the stolen
property alleged in the indictment.
Â Â Â Â Â Â Point three is overruled.
Â Â Â Â Â Â Point four: "The evidence is insufficient to establish the fair-market value of the items in
question so as to prove the jurisdictional amount for a class A misdemeanor."
Â Â Â Â Â Â Value is the fair-market value of the property at the time and place of the offense, or, if the
fair-market value cannot be ascertained, the cost of replacement of the property. Tex. Penal
Code Ann. Â§ 31.08(a). The owner of property is competent to testify as to the value of his own
property and can testify as to its fair-market value either in terms of purchase price or the cost of
replacement. Sullivan v. State, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986).
Â Â Â Â Â Â Proctor testified that the cost of replacing the three sofa cushions was $75; that the oil painting
had a replacement cost of $300 and a fair-market value of $200; that the lamp had a fair-market
price of $20 and a replacement cost of $40; that the Lladro figurines, in October 1991, had a
market value of $250; that the four china figurines had a market value of $15 to $20 each; that the
music box would sell for $20, the tea service for $15, the two brass pigs for $15, the brass
butterfly for $15, and the wood marlin for $20.
Â Â Â Â Â Â We hold that Proctor gave sufficient testimony to establish value for each of the items alleged
in the indictment, and that the trial court was authorized to believe the value of the property was
in excess of $200 but not more than $750. Moreover, if the manner of proving value did not meet
the accused's approval, it was incumbent on her to object at the time of the introduction of the
testimony. Brown v. State, 640 S.W.2d 275, 279 (Tex. Crim. App. 1982). It was further
incumbent on Appellant to offer controverting evidence as to the value of the property. Sullivan,
supra.
Â Â Â Â Â Â Point four is overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Justice Cummings,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 1, 1995
Do not publish 



rule the Montanges
second issue on the HagelsteinsÂ claim for prescriptive easement, which alone
will support the trial courtÂs judgment declaring an unspecified easement.[6]Â 
We thus need not address the MontangesÂ first and third issues on easement by
estoppel and easement by necessity.

Scope of the Easement

Â Â Â Â Â Â Â Â Â  The trial court declared
an easement Âfor all purposes of ingress and egress.ÂÂ  The MontangesÂ fourth
issue complains that the evidence is legally and factually insufficient to
support the breadth of this scope.Â  Other than pointing to future possible
annoying uses (such as rock hauling or chicken transporting), the Montanges
make no argument how the evidence is insufficient.Â  Historically, the HagelsteinsÂ
use of the easement for ingress and egress was never limited.Â  Over time, their
use has been for personal, agricultural (a tractor), and business (deer
hunters) purposes.Â  We find the evidence legally and factually sufficient to
support the scope of the easement.

AttorneyÂs Fees

Â Â Â Â Â Â Â Â Â  Issue five challenges the
HagelsteinsÂ ability to recover attorneyÂs fees under the Uniform Declaratory
Judgments Act (Tex. Civ. Prac. &
Rem. Code Ann. Â§ 37.009 (Vernon 1997) (the UDJA)), arguing that the
HagelsteinsÂ easement claim is not the proper subject of a declaratory judgment
claim.Â  We agree that a party may not recover attorneyÂs fees under section
37.009 when the UDJA is used solely as a vehicle to recover attorneyÂs fees.Â  See
National Enterprise, Inc. v. E.N.E. Props., 167 S.W.3d 39, 44 (Tex. App.ÂWaco 2005, no pet.) (ÂA declaratory judgment action may not be used solely to
obtain attorneyÂs fees that are not otherwise authorized by statute.Â).Â  But numerous
cases reflect an award of attorneyÂs fees under the UDJA to parties seeking to
establish an easement or to defeat an easement claim.[7]

The Hagelsteins
rely on section 37.004 as the basis for their declaratory judgment claim.[8]
Â The UDJA is remedial, and we are to construe it liberally; Âits purpose is to
settle and afford relief from uncertainty and insecurity with respect to
rights, status, and other legal relations.ÂÂ  Tex.
Civ. Prac. & Rem. Code Ann. Â§ 37.002(b) (Vernon 1997).Â  The
Hagelsteins sought a declaration of their rights in the road, and they introduced
at least three different deeds into evidence, and two of them make specific
references to the road.Â  Based on a liberal construction of section 37.004 and
its remedial purpose, and the history of similar cases awarding attorneyÂs
fees, we find that the HagelsteinsÂ request for declaratory relief falls within
section 37.004.Â  The trial court did not err in awarding the Hagelsteins
attorneyÂs fees.Â  We overrule the MontangesÂ fifth issue.




Â  Â Â Â Â Â Â Â  We affirm the trial
courtÂs judgment.

Â 

BILL VANCE

Justice

Â 

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissenting)

Affirmed

Opinion delivered and filed March 15, 2006

[CV06]








Â 









Â Â Â  [1]Â Â Â Â Â Â  In
reviewing the legal sufficiency of the evidence, we view the evidence in the
light favorable to the verdict, crediting favorable evidence if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could
not. City of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005).Â  There is legally insufficient
evidence or Âno evidenceÂ of a vital fact when (a) there is a complete absence
of evidence of a vital fact; (b) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(c) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (d) the evidence conclusively establishes the opposite of the
vital fact.Â  Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).Â  More than a scintilla
of evidence exists when the evidence supporting the finding, as a whole, Ârises
to a level that would enable reasonable and fair-minded people to differ in
their conclusions.ÂÂ  Id. (quoting Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).

Â 





Â Â Â  [2]Â Â Â Â Â Â  When the party without the
burden of proof at trial complains of the factual sufficiency of the evidence
to support an unfavorably answered jury finding or an adverse express or
implied finding, we must consider and weigh all of the evidence, not just the
evidence that supports the verdict.Â  Maritime Overseas Corp. v. Ellis,
971 S.W.2d 402, 406-07 (Tex. 1998); Checker Bag Co. v. Washington, 27
S.W.3d 625, 633 (Tex. App.ÂWaco 2000, pet. denied).Â  We will set aside the
finding only if it is so contrary to the overwhelming weight of the evidence
that the finding is clearly wrong and unjust.Â  Ellis, 971 S.W.2d at 407.
Â Reversal can occur because the finding was based on weak or insufficient
evidence or because the proponent's proof, although adequate if taken alone, is
overwhelmed by the opponent's contrary proof.Â  Checker Bag, 27 S.W.3d at
633.

Â 





Â Â Â  [3]Â Â Â Â Â Â  When
challenged on appeal, findings are not conclusive on the appellate court if
there is a complete reporterÂs record, as there is here.Â  Zac Smith &
Co. v. Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987).Â  Generally, we
will not disturb a trial courtÂs findings if there is evidence of probative
force to support them.Â  See Ski River Dev., Inc. v. McCalla, 167 S.W.3d
121, 136-37 (Tex. App.ÂWaco 2005, pet. denied).Â  A finding may be disregarded
if it is not supported by the evidence or is immaterial.Â  See S.E. Pipeline
Co. v. Tichacek, 997 S.W.2d 166, 172 (Tex. 1999).Â  A finding on a question
is immaterial if the question should not have been submitted to the factfinder
or if it has been rendered immaterial by other findings.Â  Id.Â  The trial court is required to
make findings of fact only on controlling issues, not on matters of evidence.Â  ASAI
v. Vanco Insulation Abatement, Inc., 932 S.W.2d 118, 122 (Tex. App.ÂEl Paso
1996, no writ); Rafferty v. Finstad, 903 S.W.2d 374, 376 (Tex.
App.ÂHouston [1st Dist.] 1995, writ denied).

Â 





Â Â Â  [4]Â Â Â Â Â Â  In its findings of fact and conclusions of law,
the trial court found that the evidence raised the presumption of nonpermission
and concluded that the use was adverse, which we treat as a fact finding.Â  See
Lucas v. Tex. DepÂt Prot. & Reg. Servs., 949 S.W.2d 500, 502 (Tex.
App.ÂWaco 1997, pet. denied).

Â 





Â Â Â  [5]Â Â Â Â Â Â  Cf. Cottrell v. Amburn,
1999 WL 1101360, at *3 (Tex. App.ÂTexarkana Dec. 7, 1999, pet. denied) (not
designated for publication) (ÂEveryone else who
testified, regardless of the different dates that they stated, left a period of
time of more than ten years between the time that the road was built and the
time when the gates were locked.Â  It was completely within the province of the
jury, based on the evidence that was presented, to find that sometime between
1957 and the present the public used the Roadway continuously for a period of
ten years or more.Â).

Â 





Â Â Â  [6]Â Â Â Â Â Â  At
the end of their brief, and without asserting a separate issue, the Montanges
challenge the sufficiency of the evidence for findings 15, 17, 21, and 23.Â  We
agree with their assertion that these findings are evidentiary, and we will
disregard them as immaterial.





Â Â Â  [7]Â Â Â Â Â Â  E.g.,
Fagan v. Crittenden, 2005 WL 428469, at *3 (Tex. App.ÂWaco Feb. 23, 2005,
pet. filed); Steel v. Wheeler, 993 S.W.2d 376, 381 (Tex. App.ÂTyler 1999, pet. denied) (ÂWe hold that invoking the Declaratory Judgments Act to
determine rights of ingress and egress is proper.Â) (citing Lindner v. Hill,
691 S.W.2d 590, 591 (Tex. 1985)); Houston Bellaire v. TCP LB Portfolio I,
981 S.W.2d 916, 922-23 (Tex. App.ÂHouston [1st Dist.] 1998, no pet.); Elder
v. Bro, 809 S.W.2d 799, 800-01 (Tex. App.ÂHouston [14th Dist.] 1991, writ
denied); Canales v. Zapatero, 773 S.W.2d 659, 661 (Tex. App.ÂSan Antonio
1989, writ denied).

Â 





Â Â Â  [8]Â Â Â Â Â Â  It
provides in pertinent part:

Â 

(a) A person interested under a deed, will,
written contract, or other writings constituting a contract or whose rights,
status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

Â 

Tex. Civ. Prac. & Rem. Code Ann. Â§ 37.004(a) (Vernon 1997).Â