99-00366 Crawford v State of Texas.wpd



No. 04-99-00366-CR



Carla CRAWFORD,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 1, Bexar County, Texas


Trial Court No. 713684


Honorable Al Alonso, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 19, 2000


AFFIRMED


 A jury convicted appellant Carla Crawford of burglary of a coin-operated machine. In three
issues on appeal, Crawford challenges the legal and factual sufficiency of the evidence and the trial
court's ruling on extraneous evidence. We affirm the judgment of the trial court.


Factual and Procedural Background

 Crawford lived at the Spring Hill apartment complex in San Antonio, as did maintenance
person Maria Trevino ("Trevino"). Part of Trevino's duties included monitoring the coin-operated
vending machines located in the laundry room area. In addition to reporting any malfunctions,
Trevino's job responsibility also included ensuring the machines remained undamaged by graffiti. 

 Michael Villanueva ("Villanueva"), a San Antonio Police Officer, also lived at the complex.
He worked at the complex as an off-duty security officer between the hours of eleven in the evening
until three in the morning. Close to midnight on December 20, 1998, he arrested Crawford for
burglary of the coin-operated machine in the laundry room. Tex. Pen. Code Ann. § 30.03 (Vernon
1994).

 After a jury trial, Crawford was convicted of the offense and sentenced to 90 days
incarceration. The trial court suspended her sentence and entered an order of 9 months probation.

Sufficiency of the Evidence

 In her first and second issues on appeal, Crawford challenges the legal and factual sufficiency
of the evidence. In evaluating the legal sufficiency of the evidence, this court, after viewing the
evidence in the light most favorable to the jury's verdict, must determine whether any rational trier
of fact would have found beyond a reasonable doubt the essential elements of the offense. Jackson
v. Virginia, 443 U.S. 307, 319 (1979). We apply this standard to both direct and circumstantial
evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). In conducting this
review, an appellate court must look to whether the jury reached a rational decision. Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

 Section 30.03 of the Texas Penal Code provides:

 (a) A person commits an offense if, without the effective consent of the owner, he
breaks or enters into any coin-operated machine, coin collection machine, or other
coin-operated or coin collection receptacle, contrivance, apparatus, or equipment
used for the purpose of providing lawful amusement, sales of goods, services, or other
valuable things, or telecommunications with intent to obtain property or services.

 (b) For purposes of this section, "entry" includes every kind of entry except one made
with the effective consent of the owner.


Tex. Pen. Code Ann. § 30.03 (Vernon 1994).

 Crawford argues the evidence was both legally and factually insufficient to support the
conviction because Trevino failed to qualify as the "owner" of the machine, and therefore, could not
testify about lack of consent under the statute. See Tex. Pen. Code Ann. § 30.03 (Vernon 1994).
"Owner" is defined as a person who has a title to the property, possession of the property, or a
greater right of possession of the property than the person charged. Tex. Pen. Code Ann. §
1.07(35)(A) (Vernon 1994). 

 The Court of Criminal Appeals rejected an argument similar to the one advanced by Crawford
in Smith v. State, 638 S.W.2d 476, 477 (Tex. Crim. App. 1982). In Smith, a jury convicted the
defendant of burglary of a coin-operated machine, specifically parking meters. See Tex. Pen. Code
Ann. § 30.03 (Vernon 1994). Rejecting Smith's complaint that the testimony from the chief
collector in the parking meter division failed to establish ownership in the City, the court held
ownership could be demonstrated by oral testimony. Smith, 638 S.W.2d at 478-79. Coupled with
the testimony from the chief parking meter collector, ample evidence existed to show the City owned
the meters and the defendant lacked consent to take the money. Id. 

 Following the reasoning of Smith, Crawford's ownership argument fails. Trevino testified a
significant part of her duties as a maintenance worker at the complex included "keeping an eye out"
for the vending machine on the premises because it was often burglarized. Trevino further stated any
time the machine malfunctioned, it was her responsibility to contact the owner, a man named Albert,
for repair. Although the record suggests actual ownership in Albert, through her maintenance
responsibilities, Trevino qualifies as a statutory "owner" with a greater right of possession in the
machine than Crawford. See Tex. Pen. Code Ann. § 30.03 (Vernon 1994); Casarez v. State, 468
S.W.2d 412, 413-14 (Tex. Crim. App. 1971)(relying upon arresting officer's testimony to show
defendant lacked consent to break into coin-operated vending machine).

 Crawford also contends the evidence failed to show that she did not pay for the items she
attempted to retrieve from the machine. The record contains ample evidence to the contrary. At
around 8:00 p.m. on December 20, 1998, Trevino observed Crawford at the vending machine. She
testified Crawford was on her knees with her arm up to her elbow inside the machine. Crawford saw
Trevino watching her and quickly removed her hand and exited the laundry room area. Later the
same night around midnight, Officer Villanueva testified he observed Crawford and a male companion
at the vending machine. Crawford's companion leaned against the machine while Crawford was on
her knees with her arm up the machine. Villanueva testified the area was well lit and free from
obstructions so he could clearly identify Crawford as the woman on the ground. Just before he
reached the two, Villanueva testified Crawford's companion ran away. Villanueva arrested Crawford
and later found four or five bags of crackers and potato chips and other items on the ground by the
vending machine. The testimony from both Trevino and Villanueva sufficiently establishes that
Crawford did not have consent to break into the vending machine. From the testimony introduced
at trial, a rational trier of fact could have found Crawford guilty of the offense beyond a reasonable
doubt. See Geesa, 820 S.W.2d at 161.

 Turning to a factual sufficiency review, we reach the same result. In Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996), the Texas Court of Criminal Appeals announced the
general standard for reviewing the factual sufficiency of the evidence to support a criminal conviction.
Under the general standard, we must view all the evidence without the prism of "in the light most
favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Id. The Court later explained that three
major principles guide us in conducting this review. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).

 First, we review the jury's weighing of the evidence in a deferential manner to avoid
substituting our judgment for that of the jury. See id. Our evaluation must not substantially intrude
upon the jury's role as the sole judge of the weight and credibility of witness testimony. Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). The weight to be given contradictory
testimonial evidence is within the sole province of the jury, because it turns on an evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. The jury is also entitled to draw reasonable
inferences from circumstantial evidence to ultimate facts. Kelley v. State, 968 S.W.2d 395, 398 (Tex.
App.--Tyler 1998, no pet.). Where conflicting evidence is presented, the jury's verdict is generally
regarded as conclusive unless the verdict is "manifestly unjust," "shocks the conscience," or "clearly
demonstrates bias." Santellan, 939 S.W.2d at 165. 

 Second, we must support a finding of factual insufficiency with a detailed explanation so the
Texas Court of Criminal Appeals can ensure that we accorded proper deference to the jury's findings.
Cain, 958 S.W.2d at 408-09. In the event we reverse a lower court's decision, we must state in what
regard the contrary evidence greatly outweighs the evidence in support of the verdict. See id.

 Third, we must review all of the evidence without viewing it in the light most favorable to the
verdict. See id. at 408 (emphasis added).

 Crawford reasserts her argument that the evidence was factually insufficient to establish
Trevino as the "owner" of the machine. See Tex. Pen. Code Ann. § 30.03 (Vernon 1994). We
cannot say from the eyewitness testimony discussed above that the verdict was manifestly unjust. See
Santellan, 939 S.W.2d at 165. We overrule Crawford's first two issues.Extraneous Evidence

 In her third issue, Crawford complains the trial court erred by admitting testimony related to
previous alleged attempts to burglarize the machine. 

 We review challenges to the admissibility of evidence under an abuse of discretion standard.
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Evidence of prior bad acts is
inadmissible to prove conformity therewith. Tex. R. Evid. 404(b). However, such evidence is
admissible for other purposes such as to show motive, intent, identity, common scheme or other
purpose, provided that the State provides the accused with reasonable notice of intent to introduce
the evidence. Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at 391. 

 Crawford objects to the admission of Trevino's testimony reciting multiple instances where
Crawford attempted to burglarize the vending machine at the complex. At the outset, the State
argues Crawford waived any complaint on appeal for untimely objecting to the evidence. See Tex.
R. App. P. 33.1(a)(requiring timely objection to preserve error for appellate review). While the record
supports the waiver argument, the evidence is also admissible under Texas Rule of Evidence 404(b).

 Crawford's defense theory offered at trial was that she paid for the items in the machine and
was erroneously arrested in her attempt to retrieve them. The evidence offered by the State is
necessary to rebut this theory and show the incident was not an isolated occurrence. See Koontz v.
State, 868 S.W.2d 27, 29 (Tex. App.-Fort Worth 1993, pet. ref'd)(allowing admission of prior
robbery where relevant to make defensive theory less probable). Trevino testified that on December
17th and 18th, she observed Crawford and her companion at the vending machine. Crawford was
on her knees holding a coat hanger which she used to retrieve items from the machine. Trevino stated
her companion was the "lookout" person. Trevino further testified that each time she observed the
behavior she called the police, but, they arrived too late on both occasions.

 Crawford also objects to Trevino's testimony related to earlier events which occurred on
December 20th, the night of the arrest. The State responds and we agree, the testimony served many
permissible other purposes under Texas Rule of Evidence 404(b). First, it showed Crawford's intent
to commit the burglary. Trevino testified she observed Crawford just three hours prior to her arrest
down on her knees with her arm up to her elbow extended into the machine. See Koontz, 868 S.W.2d
at 27 (admitting evidence of prior robbery to show intent to commit subsequent robbery). The State
contends this testimony reveals Crawford's earlier attempt to burglarize the machine was thwarted
by Trevino's presence; therefore, Crawford returned later the same evening to accomplish her goal.
Second, the evidence demonstrated a common scheme to steal from the machine. See Mares v. State,
758 S.W.2d 932, 936-37 (Tex. App.-El Paso 1988, pet. ref'd)(acknowledging that extraneous
offenses must demonstrate the steps taken toward the accomplishment of a plan). Trevino's
testimony demonstrates an identifiable behavioral pattern as Crawford returned again and again to
the same machine and retreated as soon as she saw Trevino. Trevino testified each time she observed
Crawford, she and her companion took turns serving as "look out" while the other party attempted
to retrieve items from the machine.

 Accordingly, we overrule Crawford's third issue on appeal and affirm the judgment of the trial
court.


 Catherine Stone, Justice

DO NOT PUBLISH