Affirmed and Memorandum Opinion filed April 21, 2009








Affirmed and Memorandum Opinion filed April 21, 2009.

                                                                              

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00068-CR

____________

 

DERRICK LEE TILLIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1122698

 



 

M E M O R A N D U M   O P I N I O N

Appellant Derrick Lee Tillis was convicted of aggravated
robbery and sentenced to twenty-five years incarceration and a $10,000 fine. 
In two issues, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction.  We affirm.








On June 24, 2007 at around midnight, a group of two women
and three men, one of whom was later identified as appellant, broke into the
apartment of Lakisha Roberts and Antoinette Breed and robbed them at gunpoint. 
Two of the men wore bandanas over part of their faces and used duct tape to
bind the arms and cover the eyes of Roberts and Breed as well as Lakisha Brown,
Roberts=s niece who was
visiting.  Roberts=s ten year old son was told to sit on the
couch but was not taped, Roberts and Brown were placed on the floor in front of
the couch, and Breed was nearby and could see into the living room.  As the
other robbers ransacked the apartment looking for money and other items to
steal, appellant sat on the arm of the couch, with a gun visible in the
waistband of his pants, watching the activity and telling the victims to be
quiet.

After the robbers left, the victims freed themselves and
called 911.  Roberts and Breed were eventually able to identify all of the
robbers to the police.  Roberts told the police she had answered a knock on the
door, which allowed the robbers to enter the apartment, and the first robber in
the door hit her in the head twice with a gun.  The assailant=s eyes and hair
were not covered by his bandana, and Roberts recognized him as her next door
neighbor.  After her eyes were covered, Roberts was able to recognize the
voices of the other four robbers.  She recognized one of the other men and both
of the women as next door neighbors as well, and the other man she recognized
by voice as appellant.  Though he did not actually live next door with the
other four robbers, appellant=s girlfriend had lived with the other
four, and Roberts had heard his voice on occasion when he was visiting his
girlfriend.  Breed was able to see Aeverything@ during the
robbery because the duct tape across her eyes was loose, and she recognized
appellant as well as the other four robbers as her neighbors.  Breed saw that
appellant was sitting on the arm of the couch and had a gun tucked into his
pants, as did Robert=s son, who eyes were not covered at all.








Appellant was convicted of aggravated robbery.  In two
issues, he challenges the legal and factual sufficiency of the evidence to
support his conviction.  In evaluating a legal sufficiency claim attacking a
jury=s finding of
guilt, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).  In our review, we accord
great deference A >to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.= @  Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson,
443 U.S. at 319).          In
conducting a factual sufficiency review of the jury=s determination,
we do not view the evidence Ain the light most favorable to the
prosecution.@  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  Rather, we look at all evidence in a neutral light and will
reverse only if (1) the evidence is so weak that the finding seems clearly
wrong and manifestly unjust or, (2) considering conflicting evidence, the
finding, though legally sufficient, is nevertheless against the great weight
and preponderance of the evidence.  See Watson v. State, 204 S.W.3d 404,
414B15 (Tex. Crim.
App. 2006).  However, it is not enough that we may harbor a subjective level of
reasonable doubt to overturn a finding that is founded on legally sufficient
evidence.  See id. at 417.  We cannot conclude that a finding is Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, we would have voted differently had we
been the fact finder.  See id.  Nor can we declare that a conflict in
the evidence justifies a new trial simply because we may disagree with the fact
finder=s resolution of
that conflict.  See id.  Rather, before ordering a new trial, we must
first be able to say, with some objective basis in the record, that the great
weight and preponderance of the (albeit legally sufficient) evidence
contradicts the verdict.  See id.








A person commits the offense of aggravated robbery if, in
the course of committing a theft, he intentionally or knowingly places another
in fear of imminent bodily injury or death and uses or displays a deadly
weapon.  See Tex. Penal Code Ann.
'' 29.02B.03 (Vernon
2003).  The jury convicted appellant on a jury charge that included a
law-of-parties instruction.  A person is criminally responsible for the offense
of another, and thus can be convicted as a party, if, acting with intent to
promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person committing the offense.  Id.
' 7.02(a)(2)
(Vernon 2003).  AEvidence is sufficient to convict under
the law of parties where the defendant is physically present at the commission
of the offense and encourages its commission by words or other agreement.@  Ransom v.
State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996) (op. on reh=g); accord
Davis v. State, 195 S.W.3d 311, 320 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  Though mere presence
does not automatically make one a party to a crime, it is a circumstance
tending to prove party status and, when considered with other facts, may be
sufficient to prove that the defendant was a participant.  Davis, 195
S.W.3d at 320.  In determining whether the defendant acted as a party, we
review events occurring before, during, and after the offense and may rely on
actions of the defendant that show an understanding and common design to commit
the offense.  Burdine v. State, 719 S.W.2d 309, 315 (Tex. Crim. App.
1986); Davis, 195 S.W.3d at 320.

Appellant first contends that the evidence is legally and
factually insufficient to show that he was actually present at the scene.  He
argues that Roberts=s voice identification is not credible
because she could have been Aeasily mistaken,@ given the number
of voices and the stress of the situation.  Voice identification is direct
evidence and sufficient to identify the defendant as the person who committed
the crime.  See McInturf v. State, 544 S.W.2d 417, 419 (Tex. Crim. App.
1976); see also James v. State, No. 14-04-01042-CR, 2005 WL 2548516, at
*2 (Tex. App.CHouston [14th Dist.] Oct. 13, 2005, pet. ref=d) (mem. op., not
designated for publication).  It was the jury=s role to
determine the weight to give to Roberts=s voice
identification under the circumstances.  See Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000).  Further, aside from the voice identification,
Breed, who could see around the duct tape over her eyes, saw appellant and
identified him.  This evidence is legally and factually sufficient to show that
appellant was present.








Appellant next argues that the evidence is legally and
factually insufficient to convict him as a party.  He argues alternatively that
he was merely present during the robbery but did not give orders, bind or hit
the victims, use his gun, or take any property.  However, appellant entered
with the group, who gained entry into the apartment by force, and he had a gun
visible in his waistband.  He sat with the victims and repeatedly told them to
be quiet.  Breed testified that the way appellant was sitting on the couch
watching the activity lead her to believe that he was in charge, and she
thought his job in the robbery was to watch the victims to ensure they did not
move.  This shows much greater involvement than mere presence at a crime
scene.  Based on this evidence, the jury could have concluded that appellant
acted with the others in a common design to rob the victims and performed the
specific task of keeping the victims subdued during the robbery.  We conclude
the evidence is legally and factually sufficient to support appellant=s conviction as a
party to the robbery.  See Cienfuegos v. State, 113 S.W.3d 481, 490
(Tex. App.CHouston [1st Dist.] 2003, pet. ref=d) (finding
sufficient evidence to support conviction as party to conspiracy based in part
on defendant=s keeping watch over victim=s wife and baby
while two others went to confront and murder victim); Koontz v. State,
868 S.W.2d 27, 29 (Tex. App.CFort Worth 1993, pet. ref=d) (holding
evidence sufficient to support aggravated robbery conviction as a party when
defendant was with group of people who broke into apartment together at night,
even though defendant did not take property, because his presence assisted the
group in overwhelming two victims); Cumpian v. State, 812 S.W.2d 88, 90 (Tex. App.CSan Antonio 1991, no pet.)
(concluding that evidence was sufficient to convict defendant as a party to
burglary based on testimony from victim that defendant appeared to be acting as
a lookout).

Accordingly, we overrule appellant=s first and second
issues and affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).